UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN LAWLOR, MAUREEN LEONE, WARREN FLEMING, KATHLEEN NILAND, YVONNE ROBINSON, JEANNINE SIMARD, LAURIE GADZIK,<br><br>  Plaintiffs,<br><br>v.<br><br>DVA RENAL HEALTHCARE, INC., YALE UNIVERSITY, LEROY REX MAHNENSMITH,<br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  3:15cv188 (WWE) consolidated with<br>:  15cv201<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## RULING ON DEFENDANTS' MOTIONS TO DISQUALIFY COUNSEL

In this action, plaintiffs allege claims of sexual harassment and retaliation against defendants DVA Renal Healthcare, Inc. ("DVA") and Yale University.

DVA has filed motions to disqualify plaintiffs' counsel Jennifer Zito and Arthur Laske; DVA argues that these attorneys are in a position to have obtained attorney-client privileged or confidential information. For the following reasons, the motions will be denied.

BACKGROUND

DVA is a leading provider of dialysis services in the United States. Yale University contracted with DVA to provide a Medical Director and attending physicians to staff the DVA Home Clinic located at the former Yale School of Nursing in New Haven, Connecticut. The plaintiffs Karen Lawlor, Maureen Leone, Warren Fleming,

1

Kathleen Niland, Yvonne Robinson, Jeannine Simard, and Laurie Gadzik worked at DVA's Home Clinic where they were allegedly subjected to sexual harassment by Dr. Leroy Mahnensmith, the Medical Director of Home Clinic. Elizabeth Chiapperino and Keith Parmalee were both "Facility Administrators" at the Home Clinic.

In response to complaints about Dr. Mahnensmith to DVA's Human Resources Manager, DVA commenced formal investigation and assembled an internal task force. Chiapperino and Parmalee were involved with the task force along with DVA's in-house attorney, Michael Freimann. The task force met 17 times between December 13, 2014 and January 24, 2015. Chiapperino and Parmalee assert that they did not attend any actual meeting but participated in conference calls involving in-house counsel as facilitator for fact-finding purposes. DVA maintains that Chiapperino and Parmalee were privy to discussions that are protected by the attorney-client privilege and would never be discoverable to the instant plaintiffs in this litigation.

Attorney Zito

Attorney Zito took on representation of plaintiffs Lawlor, Leone, Fleming, Niland, Robinson, and Simard for claims of sexual harassment; and Chiapperino and Parmalee for claims of constructive discharge and retaliation. On behalf of these individuals, Attorney Zito filed administrative charges, obtained releases of jurisdiction from the Connecticut Human Rights Organization and participated in a pre-suit mediation. However, Attorney Zito did not represent Chiapperino or Parmalee between December 13, 2013 through January 24, 2013, when they were involved in conference calls with DVA's in-house counsel about the complaints of sexual harassment against Dr. Mahensmith.

DVA maintains that it is "unfathomable" that Attorney Zito does not possess DVA's privileged and confidential information directly related to Plaintiff's claims.

Attorney Lasko

Attorney Lasko commenced representation of plaintiff Gadzik in March 2014.  On March 28, 2014, Lasko provided a draft complaint of Gadzik's employment claims to DaVita and Yale University.  On April 18, 2014, Attorneys Lasko, Attorney Zito and counsel representing defendants participated in a settlement meeting.

Defendant asserts that Lasko should be disqualified because he collaborated and has jointly prosecuted this case with Attorney Zito, and he is, therefore, in a position to have obtained attorney-client privileged and confidential information.  DVA represents that "Attorney Laske and Attorney Zito have closely collaborated on these claims, including sending a joint initial letter to both Yale and Davita enclosing very similar draft Complaints, filing nearly identical complaints with the EEOC, presenting as a united front with all of their clients and jointly participating in pre-suit mediation, and filing nearly identical federal court pleadings."

DISCUSSION

Defendant DVA maintains that Chiapperino and Parmalee participated or were present for numerous privileged communications regarding the discrimination claims of the instant plaintiffs.  Thus, defendant asserts that "[t]here can be no doubt" that the contents of the privileged communications were disclosed by Chiapperino or Parmalee to Attorney Zito, and that such communications may be used for the benefit of the instant plaintiffs in prosecuting their case.

It is well settled that a party in a civil action has the right to choose counsel.

Hempstead Video, Inc. v. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir.2005). Attorney disqualification motions are disfavored, and "the party seeking it must meet a high standard of proof." Am. Int'l Grp., Inc. v. Bank of Am. Corp., 827 F.Supp.2d 341, 345 (S.D.N.Y.2011).

Federal courts retain inherent authority to disqualify attorneys when necessary to preserve the integrity of the adversarial process. Hempstead Video, 409 F.3d at 132. A court should refrain from disqualifying an attorney except where "conduct tends to taint the underlying trial." Board of Education of City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). Attorney disqualification motions rest within the Court's discretion. Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975); National Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group, 937 F. Supp. 276, 280 (S.D.N.Y. 1996).

In prior consideration of an analogous motion for disqualification, this Court reviewed: (1) whether the employee had confidential or privileged information pertaining to trial preparation and strategy; (2) whether the employee disclosed such information to counsel, who is subject to the motion to disqualify; and (3) in the event of disclosure, whether counsel's continued representation threatens to taint further proceedings in the case. See MMR/Wallace Power & Indus., Inc v. Thames Assoc., 764 F. Supp. 712, 724 (D. Conn. 1991). In MMR, the court granted the motion to disqualify because the employee had acted as a member of plaintiff's litigation team before he was hired by the defense to assist in the same litigation. The Court noted that even without disclosure of confidential information, the hiring of a former employee by the defense to assist with the litigation created the appearance that defendant had obtained an unfair advantage at trial and "a nagging suspicion" that defendant had

4

already unfairly benefitted. Id. at 727.

Here, Attorney Zito asserts that she was unaware of Chiapperino and Parmalee's communications involving in-house counsel, and that she terminated her relationship with them upon learning of the motion for disqualification.  By affidavit, Chiapperino and Parmalee aver that they were not part of any known task force addressing issues concerning this litigation, although that they did participate in fact-finding conference calls with other managers and in-house counsel.  They represent that they did not participate in communications about the defense and strategies of this litigation.  In fact, the instant case had not yet been filed.

DVA has not shown that Chiapperino and Parmalee are privy to confidential information concerning the defense trial preparation and strategy in connection with this litigation.  Nor has DVA demonstrated that these individuals possess confidential information that, if disclosed, would compromise the integrity of the adversarial process.  Attorney Zito's representation of the plaintiffs does not give rise to "nagging suspicion" that plaintiffs will unfairly benefit from Attorney Zito's knowledge of confidential information.

In accordance with its discretion, the Court finds that the motion to disqualify Attorney Zito is not warranted.  DVA's motion to disqualify Attorney Lasko is based upon his asserted collaboration with Attorney Zito, and thus, it follows that disqualification of Attorney Laske is not warranted.

<u>CONCLUSION</u>

For the foregoing reasons, the motions to disqualify counsel [docs. #14 and 31] are DENIED.

```
             /s/
    ```
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE


Dated at Bridgeport, Connecticut this 23d day of June, 2015.